** PART I ** ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND YOUR REQUES T FOR AN OPINION IN WHICH YOU ASK, IN EFFECT:
 DOES 41 O.S. 115(B), WHICH ALLOWS A SECURITY DEPOSIT TO REVERT TO THE LANDLORD IF THE TENANT DOES NOT MAKE A WRITTEN DEMAND FOR ITS RETURN WITHIN SIX MONTHS AFTER TERMINATION OF THE TENANCY, VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION OR ARTICLE II, SECTION 7 OF THE OKLAHOMA CONSTITUTION?
BECAUSE THERE MAY BE DIFFERENT FACT ISSUES WHICH COULD ARISE IN THE OPERATION OF THIS LAW, IT IS INAPPROPRIATE TO ATTEMPT TO RESPOND TO YOUR QUESTION WITH A FORMAL OPINION. HOWEVER, THE ATTORNEY GENERAL WISHES TO GIVE YOU SOME GUIDANCE BASED UPON THE CONSTITUTIONS OF OKLAHOMA AND THE UNITED STATES AND GENERAL PRINCIPLES FOUND IN THE PERTINENT CASE LAW. THEREFORE, WE HAVE COMPILED THIS INFORMAL LETTER RESPONSE, WHICH IS NOT A FORMAL OPINION OF THE ATTORNEY GENERAL.
IN 1978, THE LEGISLATURE ENACTED THE OKLAHOMA RESIDENTIAL LANDLORD AND TENANT ACT. 41 O.S. 101 — 41 O.S. 135 ("ACT"). THE ACT REGULATES AND DETERMINES RIGHTS, OBLIGATIONS AND REMEDIES UNDER A RESIDENTIAL RENTAL AGREEMENT. 41 O.S. 103. THE LEGISLATURE, IN PASSING THE ACT, HAD A PRIMARY CONCERN FOR THE PROTECTION OF BOTH PARTIES TO THE TRANSACTION AND TO THE IMPROVEMENT OF RENTAL HOUSING. SEE BOKIS V. CHAMPION FINANCIAL CORPORATION, 608 F.SUPP. 585, 587 (W.D. OKLA. 1985). 41 O.S. 115 OF THE ACT CONCERNS DAMAGE AND SECURITY DEPOSITS. SECTION 115(B) READS: "IF THE LANDLORD PROPOSES TO RETAIN ANY PORTION OF THE SECURITY DEPOSIT FOR RENT, DAMAGES OR OTHER LEGALLY ALLOWABLE CHARGES UNDER THE PROVISIONS OF THIS ACT OR THE RENTAL AGREEMENT, THE LANDLORD SHALL RETURN THE BALANCE OF THE SECURITY DEPOSIT WITHOUT INTEREST TO THE TENANT WITHIN THIRTY (30) DAYS AFTER THE TERMINATION OF TENANCY, DELIVERY OF POSSESSION AND WRITTEN DEMAND BY THE TENANT. IF THE TENANT DOES NOT MAKE SUCH WRITTEN DEMAND OF SUCH DEPOSIT WITHIN SIX (6) MONTHS AFTER TERMINATION OF THE TENANCY, THE DEPOSIT REVERTS TO THE LANDLORD IN CONSIDERATION OF THE COSTS AND BURDEN OF MAINTAINING THE ESCROW ACCOUNT, AND THE INTEREST OF THE TENANT IN THAT DEPOSIT TERMINATES AT THAT TIME." YOU HAVE ASKED WHETHER THIS SECTION VIOLATES STATE OR FEDERAL DUE PROCESS RIGHTS. BOTH THE STATE AND FEDERAL CONSTITUTIONS, U.S. AMEND. XIV; ARTICLE II, SECTION 7 PROHIBIT THE STATE FROM DEPRIVING A PERSON OF HIS PROPERTY WITHOUT DUE PROCESS OF LAW. THE DUE PROCESS CLAUSE OF THE 14TH A MENDMENT HAS BEEN SAID TO GIVE RISE TO 3 TYPES OF CLAIMS: 1) FOR VIOLATIONS OF THE SUBSTANTATIVE PROVISIONS OF THE BILL OF RIGHTS; 2) FOR VIOLATION OF THE SUBSTANTIVE COMPONENT OF THE DUE PROCESS CLAUSE; AND 3) FOR VIOLATIONS OF PROCEDURAL DUE PROCESS. BURCH V. APALACHEE COMMUNITY MENTAL HEALTH SERVICES. INC., 804 F.2D 1549, (11TH CIR. 1986,) REHEARING GRANTED, VACATED 812 F.2D 1339, ON REHEARING 840 F. 2D 797, CERT. GRANTED, ZINERMON V. BURCH, 489 U.S. 1064,109 S.CT. 1337, 103 L.ED. 2D 807 (1989). HERE, WE NEED ONLY CONSIDER SUBSTANTIVE AND PROCEDURAL DUE PROCESS, BECAUSE NO ISSUE REGARDING THE BILL OF RIGHTS ARISES. SUBSTANTIVE DUE PROCESS SUBSTANTIVE DUE PROCESS OF LAW, INDEPENDENTLY OF ANY PROCEDURAL RIGHTS GUARANTEED BY CONSTITUTIONAL PROVISIONS, IS THE GENERAL REQUIREMENT THAT ALL GOVERNMENTAL ACTIONS HAVE A FAIR AND REASONABLE IMPACT ON THE LIFE, LIBERTY, OR PROPERTY OF THE PERSON AFFECTED; ARBITRARY ACTION IS THUS PROSCRIBED. CITY OF EDMOND V. WAKEFIELD, 537 P.2D 1211, 1213 (OKLA. 1975), CITING GRISWOLD V. CONNECTICUT 381 U.S. 479, 511-12,85 S.CT. 1678, 1696-97, 14 L.ED. 2D 510, 513-32 N. 4 (1965). THEREFORE, STATE STATUTES WHICH ATTEMPT TO TAKE AWAY VESTED PROPERTY INTERESTS OR WORK AN ARBITRARY FORFEITURE OF PROPERTY ARE UNCONSTITUTIONAL AS VIOLATIONS OF DUE PROCESS. CITY OF EDMOND V. WAKEFIELD, 537 P.2D AT 1213 (OKLA. 1975). HOWEVER, LEGISLATIVE ACTS ADJUSTING THE BURDENS AND BENEFITS OF ECONOMIC LIFE ARE PRESUMED CONSTITUTIONAL AND THE BURDEN IS ON ONE COMPLAINING OF A DUE PROCESS VIOLATION TO ESTABLISH THAT THE LEGISLATURE HAS ACTED IN AN ARBITRARY AND IRRATIONAL WAY. USERV V. TURNER ELKHORN MINING CO.. 428 U.S. 1, 15,96 S.CT. 2882, 2892, 49 L. ED. 2D 752 (1976); SEE THAYER V. PHILLIPS PETROLEUM, 613 P.2D 1041, 1044 (OKLA. 1980). IN 41 O.S. 115, THE LEGISLATURE CREATED A SY STEM FOR THE PROTECTION AND RETURN OF DEPOSITS. UNDER 41 O.S. 115(A), ANY LANDLORD WHO TAKES A TENANT'S DEPOSIT MUST PLACE IT IN AN ESCROW ACCOUNT. MISAPPROPRIATION OF THE ACCOUNT SUBJECTS THE LANDLORD TO CRIMINAL PENALTIES. HOWEVER, THE LANDLORD IS AUTHORIZED TO KEEP ANY INTEREST GENERATED FROM THE ACCOUNT AND KEEP DEPOSITS WHICH THE TENANT DOES NOT REQUEST IN WRITING, "IN CONSIDERATION OF THE COSTS AND BURDENS OF MAINTAINING THE ACCOUNT." 115(B). WHEN ENACTING THIS SECTION, THE LEGISLATURE MUST HAVE CONSIDERED THE DIFFICULTIES IN ADMINISTRATION AND ACCOUNTING OF SECURITY DEPOSITS AND DEVELOPED A SYSTEM WHICH THEY FELT PROTECTED BOTH PARTIES TO THE TRANSACTION. CF UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT 2.101 COMMENT (1974) ("DIFFICULTIES IN ADMINISTRATION AND ACCOUNTING OF SECURITY DEPOSITS HAVE LED SOME AUTHORITIES TO ADVOCATE THEIR ABOLITION"). THE SYSTE M MAY APPEAR UNFAIR. HOWEVER, WE CANNOT MAKE A DECISION AS TO THE FAIRNESS OF THE STATURE OR THE PHILOSOPHY BEHIND IT; THAT DECISION IS FOR THE LEGISLATURE. SEE SNIADACH V. FAMILY FINANCE CORPORATION,395 U.S. 337, 339, 89 S.CT. 1820, 23 L.ED 2D 349, 352 (1969). CONSIDERING THAT THE PURPOSE OF THE STATUTE IS TO PROTECT BOTH PARTIES TO THE TRANSACTION, WE ARE UNABLE TO SAY THAT THE LEGISLATURE ACTED ARBITRARILY AND IRRATIONALLY.
** ARTICLE II, SECTION 7 **